UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JAMES HAINES,<br><br>                     Plaintiff,<br><br>v.<br><br>GARY MINIARD, *et al.*,<br><br>                     Defendants. | Case No. 22-cv-10717<br>Honorable F. Kay Behm<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO DENY DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT (ECF NO. 21) AND TO DISMISS
THE ACTION WITH PREJUDICE FOR FAILURE TO PROSECUTE**

## I.     Introduction

Plaintiff James Haines, a prisoner under the Michigan Department of Corrections' (MDOC) jurisdiction, filed this pro se civil rights action under 42 U.S.C. § 1983 based on the conditions of his confinement at Saginaw Correctional Facility (SRF).  ECF No. 1.  Haines alleges that MDOC officials and employees were deliberately indifferent in violation of the Eighth Amendment by failing to protect him from sexual assault by another inmate.  *Id.*, PageID.5.  The Honorable F. Kay Behm referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 24.

Defendants move for summary judgment for failure to exhaust administrative remedies. ECF No. 21. Haines did not respond, even after the Court twice ordered him to show cause why his claims should not be dismissed. ECF No. 22; ECF No. 25. When a plaintiff fails to respond or to otherwise oppose a defendant's motion, the Court may consider the plaintiff to have waived opposition to the motion. *Humphrey v. U.S. Att'y Gen.'s Office*, 279 F. App'x 328, 331 (6th Cir. 2008). Still, a defendant bears the burden of showing its motion has merit even if the plaintiff fails to respond. *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991).

For the reasons below, the Court **RECOMMENDS** that defendants' motion be **DENIED** but that the case be **DISMISSED WITH PREJUDICE** because of Haines's failure to prosecute.

II.     Analysis

**A.**

"The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court's function at the summary judgment stage "is not to weigh the evidence and determine the truth of the matter but to determine whether there is a

genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion and must specify the portions of the record that show the absence of a genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant satisfies this burden, the burden shifts to the non-moving party to go beyond the pleadings and set forth specific facts showing a genuine issue for trial. *Id.* at 324. The Court must view the factual evidence in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

The Prison Litigation Reform Act (PLRA) requires prisoners to "properly" exhaust all "available" administrative remedies before filing a lawsuit challenging prison conditions. 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 88-90, 93 (2006). The PLRA requires exhaustion of internal remedies for "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). To meet this requirement, an inmate must strictly comply with the grievance process provided by the prison. *Woodford*, 548 U.S. at 93-94.

3

But an inmate need only exhaust those remedies that are actually "available"; if an administrative remedy "is not capable of use to obtain relief," then § 1997e will not act as a barrier to suit. *Ross v. Blake*, 578 U.S. 632, 643 (2016).

"Failure to exhaust administrative remedies is an affirmative defense, which the defendant has the burden to plead and prove by a preponderance of the evidence." *Lee v. Willey*, 789 F.3d 673, 677 (6th Cir. 2015). "But a prisoner countering a motion alleging failure to exhaust must offer competent and specific evidence showing that he indeed exhausted his remedies, or was otherwise excused from doing so." *Parks v. Mich. Dep't of Corr.*, No. 2:20-cv-11673, 2021 WL 3533422, at *3 (E.D. Mich. May 17, 2021), *adopted*, 2021 WL 2820984 (E.D. Mich. July 7, 2021) (cleaned up). Summary judgment based on failure to exhaust administrative remedies is not on the merits and thus requires dismissal without prejudice. *Adams v. Smith*, 166 F. App'x 201, 204 (6th Cir. 2006).

**B.**

Defendants contend that Haines failed to exhaust his claims because he did not pursue any grievances through Step III of the grievance process under MDOC Policy Directive (PD) 03.02.130. ECF No. 21, PageID.75-76; ECF No. 21-3. But Haines's claims involve allegations of sexual abuse and

4

defendants' alleged failure to follow protocols under the Prison Rape Elimination Act (PREA). ECF No. 1, PageID.4-5. Thus, MDOC's PREA policy applies—not the grievance process under PD 03.02.130.

The procedure for prisoners to report sexual abuse and sexual harassment, MDOC PD 03.03.140 (effective April 5, 2021), "eliminated the administrative grievance procedure for addressing prisoner grievances regarding sexual abuse." MDOC PD 03.03.140, ¶ VV.[1] The policy states, "*If* prisoners utilize the prisoner grievance system to report an allegation of sexual abuse, the facility Grievance Coordinator shall forward the sexual abuse to the facility PREA Coordinator for further handling." *Id*. (emphasis added). Thus, PD 03.03.140 permits, but does not require, a prisoner to use the normal grievance process to report sexual abuse. *Id*. In the same vein, PD 03.03.140 says that a prisoner "*may* utilize the prisoner grievance system" to report sexual harassment or retaliation. *Id*., ¶ WW (emphasis added). The current version of the grievance process, PD 03.02.130, also eliminated the requirement that prisoners exhaust complaints about sexual abuse through its three-step process. *See* ECF No. 21-2, PageID.81, ¶ D; *cf. Miller v. Klee*, No. 17-11006, 2018 WL 1354473, at *6 (E.D. Mich. Feb.

---

[1] *See* https://perma.cc/9KES-JZB4 (last visited April 17, 2023).

23, 2018), *adopted*, 2018 WL 1326382 (E.D. Mich. Mar. 15, 2018) (describing earlier version of PD 03.02.130).

While Haines could have used the normal grievance process, he was not required to do so and could have followed PD 03.03.140 instead. Haines alleges in his complaint that he orally reported the sexual assault to Defendants Justice, Wendt, and Gavit. ECF No. 1, PageID.6-7. Yet defendants do not address PD 03.03.140 in their briefing, let alone show that Haines's oral reports did not exhaust his claims under that policy.[2] Thus, defendants have not met their burden of showing that Haines failed to exhaust his claims.

In any event, the reporting procedure under PD 03.03.140 is "so opaque that it becomes, practically speaking, incapable of use. In this situation, some mechanism exists to provide relief, but no ordinary prisoner can discern or navigate it." *Ross*, 578 U.S. at 643-44. In 2019, the Sixth Circuit found that the "MDOC PREA grievance process is, in practice, filled with contradictions and machinations, and these contradictions and machinations render the process incapable of use." *Does 8-10 v. Snyder*,

---

[2] By contrast, MDOC summarily argued in a case involving similar claims that the plaintiff failed to exhaust under PD 03.03.140. *See* R. & R. at 9, *Taylor v. Purdom*, No. 22-10178 (E.D. Mich. Mar. 30, 2023), ECF No. 40. This inconsistent application of the PREA policy makes an already obscure policy even murkier.

945 F.3d 951, 965 (6th Cir. 2019) (cleaned up). Though MDOC has amended its PREA policy, mystery about how to exhaust a PREA claim remains.

The current version of PD 03.03.140 lacks strict requirements for making PREA claims. Prisoners have many choices for reporting prohibited conduct "verbally or in writing regardless of when the incident was alleged to have occurred." MDOC PD 03.03.140, ¶ UU. The policy requires no specific form for reporting except for prisoners who wish to report sexual misconduct after they have been discharged. *Id.* And the policy describes no requirement or method for prison officials to provide written notice to a prisoner about the handling of a PREA claim except that prisoners must be notified in writing if an administrative grievance alleging sexual abuse is removed from the grievance process for handling by the PREA Coordinator. *Id.*, ¶ VV. Otherwise, the only indication that an alleged victim would be notified that a PREA investigation had begun is a requirement that an investigator interview the alleged victim or complainant, the alleged perpetrator, and alleged witnesses. *Id.*, ¶¶ FFF, GGG.

If allegations of sexual abuse or harassment are substantiated, the facility must notify the victim of any related charges or convictions. *Id.*, PageID.134, ¶¶ KKK, LLL. And a prisoner who has reported sexual

misconduct must be monitored for protection from retaliation for at least 90 days unless the allegations of misconduct are determined to be unfounded. *Id.*, ¶ PPP.  But the policy does not require that an investigation be completed within 90 days or any particular period, and it includes no requirement that a prisoner be notified if his allegations are found unsubstantiated.

    The Court cannot discern from this policy how a prisoner is to exhaust a claim through the PREA process.  How would Haines know that his PREA claims were being investigated after he made his complaints, and how would he know when any investigation would be complete? Defendants fail to show that MDOC's PREA policy would permit an ordinary prisoner to discern how to exhaust his PREA claims.  Haines should therefore be excused from the exhaustion requirement.  *See Ross*, 578 U.S. at 643-44.

    Because defendants did not show that Haines failed to exhaust his administrative remedies under the PREA policy, their motion for summary judgment should be denied.

## C.

    Although defendants' motion is denied, dismissal is nevertheless warranted because Haines has failed to prosecute his case.

Defendants moved for summary judgment in November 2022. ECF No. 21. Haines did not respond by the deadline under the local rules. After four orders mailed to Haines's address of record at SRF were returned as undeliverable, the Honorable Stephen J. Murphy, III,[3] noted that MDOC's website (OTIS) showed that Haines's address had changed to the Central Michigan Correctional Facility (STF). ECF No. 22. In January 2023, Judge Murphy admonished Haines for his failure to file notice of his address change and ordered him to show cause "why summary judgment should not be granted for the reasons described" in defendants' motion. *Id.* If Haines failed to respond, Judge Murphy warned that "the Court will consider the motion for summary judgment without his response" and would dismiss the case if summary judgment was proper. *Id.* Haines did not respond. In March 2023, the Court again ordered Haines to show cause why his claims should not be dismissed for the reasons described in the motion or for failure to prosecute, warning that failure to respond "may result in a recommendation to dismiss the case." ECF No. 24. Haines still did not respond.

---

[3] This case was reassigned from Judge Murphy to Judge Behm in February 2023.

The record shows a discrepancy between the address Haines provided the Court and the address reflected on OTIS. But Haines did not notify the Court of his address change as required under E.D. Mich. Local Rule 11.2.[4] And Haines has taken no action in the case since he filed it in March 2022. He failed to participate in mediation and has not responded to defendants' motion or to the Court's orders, signaling that he has abandoned his case. ECF No. 11. The Court thus recommends that the case be dismissed with prejudice for failure to prosecute.

If a plaintiff fails to prosecute an action, it can be dismissed either under the Court's inherent power to control its docket or involuntarily under Federal Rule of Civil Procedure 41(b). *Link v. Wabash R. Co.*, 370 U.S. 626, 629-32 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."). The authority to dismiss a plaintiff's case for failure to prosecute is available to the district court "as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (quoting *Knoll v. AT&T*, 176

---

[4] Although Judge Murphy informed Haines of this obligation and warned that failure to comply could result in dismissal of the case, that order was returned as undeliverable. ECF No. 4; ECF No. 8.

F.3d 359, 363 (6th Cir. 1999)). And this Court's local rules provide that when "the parties have taken no action for a reasonable time, the court may, on its own motion after reasonable notice or an application of a party, enter an order dismissing the case unless good cause is shown." E.D. Mich. LR 41.2 (cleaned up). Dismissal for want of prosecution is ordinarily with prejudice. Rule 41(b); *Link*, 370 U.S. at 629.

The Sixth Circuit has set forth four factors to be used as guidance when deciding whether a case should be dismissed for failure to prosecute under Rule 41(b): "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Knoll*, 176 F.3d at 363. Although Haines is proceeding pro se, and thus is held to less stringent standards, the leniency granted is not boundless. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). "Pro se litigants are not to be accorded any special consideration when they fail to adhere to readily-comprehended court deadlines." *Bunting v. Hansen*, No. 05-10116-BC, 2007 WL 1582236, at *2 (E.D. Mich. May 31, 2007) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)) (cleaned up).

Analysis of the *Knoll* factors supports dismissal. For the first factor, Haines is at fault because he failed to respond to the dispositive motion and court orders. The motion and orders were served at Haines's new address at STF, allowing a reasonable inference that he was on notice of them. Thus, his failure to respond was either done in bad faith or is "willful and with fault." *See Morley v. Comm'r of Soc. Sec.*, No. 12-14653, 2013 WL 2051326, *1 (E.D. Mich. May 14, 2013). Haines also failed to provide the Court with an updated address, showing willfulness or fault on his part. After invoking the processes of this Court, Haines had an affirmative duty to apprise the Court of his mailing address. *See Yeschick v. Mineta*, 675 F.3d 622, 630 (6th Cir. 2012).

Although there is no evidence that defendants were prejudiced by Haines's inaction, the third and fourth factors weigh heavily in favor of dismissal. As to the third factor, Haines was warned that his failure to notify the Court of a change of address could result in dismissal of his action. ECF No. 4. He was also warned that failure to respond to the order to show cause could result in a recommendation to dismiss the case for failure to prosecute. ECF No. 25. And there is no less drastic sanction available because Haines has failed to respond to filings as ordered. "Dismissal is the only appropriate remedy because [Haines] has effectively

12

abandoned the case." *Gomez v. Deangelo*, No. 18-14080, 2020 WL 7038612, at *2 (E.D. Mich. Apr. 2, 2020), *adopted*, 2020 WL 7024862 (E.D. Mich. Nov. 30, 2020) (cleaned up).

### III.   Conclusion

The Court **RECOMMENDS** that defendants' motion for summary judgment be **DENIED** (ECF No. 21), but that Haines's case be **DISMISSED WITH PREJUDICE** for failure to prosecute.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: April 24, 2023

### NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party fails to timely file specific objections, any further appeal is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991).  And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

13

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections lack merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 24, 2023.

s/Marlena Williams  
MARLENA WILLIAMS  
Case Manager